MARIBEL PRINTUP, Individually and as Administrator of the Estate of LYNWORTH PRINTUP, Deceased, Appellant, v. WAYNE PRINTUP, Respondent.— Judgment unanimously reversed on the law and facts, with costs to appellant, and action remitted to Cattaraugus Trial Term to enter judgment in favor of plaintiff awarding her a lien on defendant's premises in such an amount as may be determined after a trial of that issue only. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. Memorandum: In 1950 Ulysses and Clara Printup, parents of defendant and plaintiff's deceased husband, acquired title to 7½ acres of unimproved land. Plaintiff and Lynworth Printup were married in 1954. They thereafter lived with Lynworth's parents near the land above mentioned. In September, 1955 Lynworth and defendant drew lots to determine the half of the lot on which Lynworth would build and immediately thereafter Lynworth and plaintiff started to erect a house on the west half of the 7½-acre parcel with some assistance from his parents and defendant. They cleared the land, surveyed it, drilled a well, and constructed a cellar and the frame of the house. In February, 1956 they moved into the cellar and resided there until July, 1956. Lynworth's parents and his brother, the defendant, referred to the house as belonging to plaintiff and her husband. In 1959, after death of plaintiff's husband, the parents conveyed the entire 7½ acres, including the portion on which plaintiff and her husband had built the house, to their surviving son, the defendant Wayne Printup. Neither defendant nor any witness on his behalf disputed plaintiff's evidence upon the trial, although he and his parents possessed knowledge of the facts testified to by her. Plaintiff's evidence and the inferences which may fairly and reasonably be drawn therefrom show that plaintiff and her husband expended money and labor in building the house in reliance upon a gift of the land to them. The parents and defendant not only stood by and observed the improvement being made by plaintiff and her husband, but they participated in the work and said it was Lindy's (Lynworth's) house. Under these circumstances a lien based upon the fundamental maxims of equity will be implied and declared by the court out of general considerations of right and justice as applied to the relationship of the parties and the circumstances of their dealings. We conclude that plaintiff, individually and as administrator, is entitled to a judgment awarding her a lien on defendant's premises for the reasonable value of the improvements installed thereon by her and Lynworth Printup, and we remit the action to Cattaraugus Trial Term for determination of the amount thereof and for entry of judgment in favor of plaintiff. (See CPLR 5522; *Crawford* v. *Town of Hamburg*, 19 A D 2d 100; *240 Scott* v. *State of New York*, 20 A D 2d 676; *Hi-Ho Drive-In and Tastee Freez* v. *Allegany Tastee-Freez Sales*, 20 A D 2d 959.) (Appeal from judgment of Cattaraugus Trial Term dismissing the complaint in an action to establish and foreclose equitable lien.) Present — Williams, P. J., Goldman, Henry, Noonan and Del Vecchio, JJ.